IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JESSE HARDY,

      Plaintiff,

v.

GLOBAL CONCESSIONS, INC., and
TERRANCE D. HARPS, individually,

      Defendants.

Case No.:

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JESSE HARDY, by and through the undersigned attorney, and sues the Defendants, GLOBAL CONCESSIONS, INC., and TERRANCE D. HARPS, individually, (collectively referred to as "Defendants"), and alleges as follows:

## INTRODUCTION

1.    This is an action by the Plaintiff against his former employers for unpaid minimum wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 206 and 29 U.S.C. § 216(b) (the "FLSA"), and any other relief available.

2.    This action is brought under the FLSA to recover from Defendants proper minimum wages, liquidated damages, and reasonable attorneys' fees and costs.

## PARTIES

3.     During Plaintiff's employment with Defendants, he served as a Manager, and performed related activities at their place of business located at 7700 Spine Road, Hartsfield/Jackson International Airport, Concourse T, Third Floor, Site TS3-3-36, Atlanta, Georgia 30320.

4.     Defendant, GLOBAL CONCESSIONS, INC. (hereinafter "Global"), is a Georgia Corporation which operates and conducts business in the City of Atlanta, Fulton County, Georgia, and is therefore within the jurisdiction of this Court.

5.     Defendant, TERRANCE D. HARPS (hereinafter "Harps"), is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, Global, and resides in the State of Georgia.  This Court has personal jurisdiction over this Defendant because said Defendant is a resident of the State of Georgia.

## JURISDICTION

6.     This action arises under the FLSA, 29 U.S.C. §210, *et. seq.*  The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 206 and 29 U.S.C. § 216(b).

2

## VENUE

7.     The venue of this Court over this controversy is proper based upon the claim arising in the City of Atlanta, Fulton County, Georgia.

## COVERAGE

8.     At all material times relevant to this action (2013 - 2016)[1], Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

9.     At all material times relevant to this action, Defendants made gross earnings of at least $500,000 annually.

10.    At all material times relevant to this action, Defendants accepted payments from customers based on credit cards issued by out-of-state banks, nationwide.

11.    At all material times relevant to this action, Defendants routinely ordered materials, merchandise, products, and supplies from out-of-state vendors and/or entities (i.e., disinfectants, table linen, napkins, kitchen and serving utensils, tables, chairs, as well as food and drinks, which was/is an integral part of the restaurant business of Defendants).

---

[1] All references to material times relevant to this action shall mean to encompass from 2013 through 2016

12.    At all material times relevant to this action, Defendants had two (2) or more employees engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce (i.e., serve food and drinks, which was/is an integral part of the restaurant business of Defendants).

13.    At all material times relevant to this action, Plaintiff was individually engaged in interstate commerce during his employment with Defendants, by working with a wide array of daily-delivered products and goods and servicing customers at an international airport.

## FACTS

14.    Defendants are organizations doing business known as Global Concessions, Inc., which is a food and beverage concession specifically formed to operate in major transportations hubs across the United States.

15.    Defendant Harps, is the corporate officer, owner and acting manager of corporate Defendant Global with the power to: (1) hire and fire Plaintiff; (2) supervise and control Plaintiff's work schedule or conditions of employment; (3) determine Plaintiff's rate and method of payment; and (4) maintain employment records.

16.     Defendants employed Plaintiff at their business located at 7700 Spine Road, Hartsfield/Jackson International Airport, Concourse T, Third Floor, Site TS3-3-36, Atlanta, Georgia 30320, within the relevant time period.

17.     Plaintiff worked for Defendants without being paid the correct minimum wages for all hours worked within a work week.

18.     Defendants, each, controlled and/or were responsible for the work of Plaintiff.

19.     Plaintiff worked as a "Manager" for Defendants and performed related activities in Fulton County, Georgia.

20.     In this capacity, Plaintiff was responsible for performing, including, but not limited to: (a) ensuring that all food and products are consistently prepared and served according to the restaurant's policies; (b) achieve company objectives in sales, service, quality, appearance of facility and sanitation and cleanliness through training of employees and creating a positive, productive working environment; (c) control cash and other receipts by adhering to cash handling and reconciliation procedures in accordance with restaurant policies and procedures; and (d) fill-in where needed to ensure guest service standards and efficient operations.

21.     Plaintiff worked for the Defendants from approximately 2013 - 2016.

22.    Plaintiff was initially paid an annual salary of $40,000.

23.    Plaintiff was not paid proper minimum wage for all hours worked.

24.    Specifically, Plaintiff was not paid any wages for at least his last three weeks of work.

25.    Defendants violated the terms and the FLSA's provision on minimum wages.

26.    Defendants were aware of the hours Plaintiff worked.

27.    Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendants.

## COUNT I
## VIOLATION OF THE FLSA AGAINST GLOBAL CONCESSIONS, INC.
### (Minimum Wage)

28.    Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 – 27 as if fully incorporated herein.

29.    At all relevant times, Defendant, Global Concessions, Inc., has been, and continues to be, an employer engaged in interstate commerce and/or for the production of goods for commerce, within the meaning of the FLSA.

30.    Defendant Global's, failure to pay Plaintiff the full minimum wage is a violation of 29 U.S.C. § 206.

31.    Plaintiff made a demand for payment.

32.    Defendant Global willfully refused to pay Plaintiff minimum wages for the last three weeks of his employment.

33.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**WHEREFORE**, Plaintiff demands judgment against GLOBAL CONCESSIONS, INC., and TERRANCE D. HARPS, individually, for the payment of all unpaid wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

## COUNT II
## VIOLATION OF THE FLSA AGAINST TERRANCE D. HARPS,
### (Minimum Wage)

34.    Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 – 27 as if fully incorporated herein.

35.    At all relevant times, Defendant Harps, is/was the acting manager for Global Concessions, Inc.

36.    At all relevant times, Defendant Harps, hired/fired employees for Global Concessions, Inc.

37.    At all relevant times, Defendant Harps, set the pay rates and policies for Global Concessions, Inc.

38.    At all relevant times, Defendant Harps, was in charge of the day to day operations of Global Concessions, Inc.

39.    Defendant Harps' failure to pay Plaintiff the full minimum wage is a violation of 29 U.S.C. § 206.

40.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**WHEREFORE**, Plaintiff demands judgment against GLOBAL CONCESSIONS, INC., and TERRANCE D. HARPS, individually, for the payment of all unpaid wages, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

/s/ Adian R. Miller
Adian R. Miller, Esq.
Ga. Bar No.:  794647
E-mail:       ARMiller@forthepeople.com
Carlos V. Leach, Esq.
Ga. Bar No.:  488443
E-mail:       CLeach@forthepeople.com
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Tel:  (404)  965-8811
Fax:  (404)  965-8812
***Attorneys for Plaintiff***